UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALFRED VILLANEDA,

        Plaintiff,

    v.

M. SAYRE, Chief Medical Officer; *et al.*,

        Defendants.

_____/

No. C-13-5004 EMC (pr)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## I.   INTRODUCTION

Alfred Villaneda, an inmate at Pelican Bay State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983.  His complaint is now before the Court for review under 28 U.S.C. § 1915A.

## II.   BACKGROUND

The complaint concerns the response to Mr. Villaneda's back problems at Pelican Bay State Prison.  The complaint alleges the following:

On October 20, 2010, Dr. Williams "neglected to give the standard of care or examine the lower back area of back problem.  Neglected to follow up corrective treatment."  Docket # 1 at 3.

In 2011 – the exact date is illegible in the complaint – Dr. Nancy Adams neglected to examine or treat Mr. Villaneda's lower back problem, refused to listen to him about pain medications, and neglected to give him an MRI or Therapy.

On an unstated date, Dr. Ikegbu refused to give Mr. Villaneda a foam mattress, stating that his pain would always be there and he should take his pain medication.  Dr. Ikegbu "refused to

examine numbness in groin, legs or arms and lower back.  Refused MRI, refused to give the standard of care." *Id.*

On an unstated date, Chief Medical Officer Dr. Sayre retaliated "when [plaintiff] followed up directors level appeal by pulling medication, double mattress chrono, and made a finding that x-ray shows plaintiff back on second x-ray was negative.  False finding." *Id.* (errors in source)

Attached to the complaint are about a hundred pages of medical records and inmate appeals concerning Mr. Villaneda's medical care.  The exhibits indicate that he received at least two x-rays of his lumbar spine, medications were prescribed for him, he had some sort of therapy, and was seen by doctors numerous times for his complaints of lower back pain.  The exhibits suggest that Mr. Villaneda and prison officials have a difference of opinion about the severity of, and appropriate care for, Mr. Villaneda's back problems.

### III.   DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *See id.* at § 1915A(b).  *Pro se* pleadings must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

A.   Eighth Amendment Claim

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment.  *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A

1   defendant violates the Eighth Amendment only when two requirements are met: (1) the deprivation

2   alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately

3   indifferent to the inmate's health or safety.  *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

4       A "serious" medical need exists if the failure to treat a prisoner's condition could result in

5   further significant injury or the "unnecessary and wanton infliction of pain." *See McGuckin*, 974

6   F.2d at 1059 (quoting *Estelle v. Gamble*, 429 U.S. at 104).

7       The main problem with Mr. Villaneda's complaint concerns the mental state required for an

8   Eighth Amendment claim.  A defendant is deliberately indifferent if he knows that a prisoner faces a

9   substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.

10  *Id.*  at 837.  The defendant must not only "be aware of facts from which the inference could be

11  drawn that a substantial risk of serious harm exists," but he "must also draw the inference."  *Id.*  If

12  the defendant should have been aware of the risk, but was not, then he has not violated the Eighth

13  Amendment, no matter how severe the risk.  *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th

14  Cir. 2002).  "[T]o prevail on a claim involving choices between alternative courses of treatment, a

15  prisoner must show that the chosen course of treatment 'was medically unacceptable under the

16  circumstances,' and was chosen 'in conscious disregard of an excessive risk to [the prisoner's]

17  health.'"  *Toguchi*, 391 F.3d at 1058 (citation omitted).

18      The complaint fails to allege facts sufficient to state a claim that any defendant acted with

19  deliberate indifference to Mr. Villaneda's serious medical needs.  Mr. Villaneda alleges that several

20  defendants neglected to do things and failed to meet a "standard of care."  These are kind of

21  allegations that suggest a claim for professional negligence, but medical malpractice and negligence

22  do not amount to the deliberate indifference necessary for an Eighth Amendment violation.

23   *See Toguchi*, 391 at 1060-61; *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002).  In light of the

24  exhibits attached to the complaint showing some care was provided, the allegations of the complaint

25  do not show deliberate indifference by any particular defendant.  Deliberate indifference by a

26  defendant cannot be inferred merely from the fact that Mr. Villaneda had persistent and recurrent

27  back problems.  In his amended complaint, he must allege facts showing that what each defendant

28  did or failed to do amounted to deliberate indifference to his back problems.  For any situation

where he disagrees with the medical care provider's choice of treatment that was provided, he must allege that the chosen course of action "'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to [his] health.'" *Toguchi*, 391 F.3d at 1058.

Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  "Specific facts are not necessary; the statement need only . . . give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and internal quotation marks omitted).   Leave to amend is granted so that Mr. Villaneda may file an amended complaint that proffers enough facts to state a claim to relief for an Eighth Amendment violation that is plausible on its face.[1]

In his amended complaint, Mr. Villaneda must be careful to allege facts showing the basis for liability for each defendant.  He should not refer to them as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each involved defendant did or failed to do that caused a violation of his rights.  *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

---

[1] If Mr. Villaneda wants to allege only a negligence claim, he should pursue his claim in state court.  A plaintiff who wants to pursue both § 1983 and negligence claims in federal court may do so, as long as a claim under 42 U.S.C. § 1983 for a violation of his constitutional rights is adequately pled because that § 1983 claim will present a federal question and give the court subject matter jurisdiction.  *See* 28 U.S.C. § 1331.  If the Court has federal question jurisdiction, it also may exercise supplemental jurisdiction over state law claims if a plaintiff invokes the Court's supplemental jurisdiction in his pleading.  If Mr. Villaneda wants to allege state law claims in addition to his § 1983 claim(s), he must invoke the Court's supplemental jurisdiction in his amended complaint by citing 28 U.S.C. § 1367 (i.e., the supplemental jurisdiction statute), and alleging that the Court has supplemental jurisdiction over his state law claims.  Mr. Villaneda also must allege facts showing a basis for any state law claim he asserts and must allege compliance with any applicable claims presentation requirement for the state law claims.

B.       Retaliation Claim

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).  The plaintiff must show that the type of activity he was engaged in was protected by the First Amendment and that the protected conduct was a substantial or motivating factor for the alleged retaliatory acts.  *See Mt Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977).  Retaliation is not established simply by showing adverse activity by defendant after protected speech; rather, the plaintiff must show a nexus between the two.  *See Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on the logical fallacy of *post hoc, ergo propter hoc*, i.e., "after this, therefore because of this").  *See generally Reichle, et al. v. Howards*, 132 S.Ct. 2088, 2097-98 (2012) (Ginsburg, J. concurring) (finding no inference of retaliatory animus from Secret Service agents' assessment whether the safety of the person they are guarding is in danger); *Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 901 (9th Cir. 2008) (finding no retaliation where plaintiff presented no evidence that defendants gave her a traffic citation after reading a newspaper article about her First Amendment activities, rather than because she drove past a police barricade with a "road closed" sign on it); *Huskey*, 204 F.3d at 899 (summary judgment proper against plaintiff who could only speculate that adverse employment decision was due to his negative comments about his supervisor six or seven months earlier).

Mr. Villaneda alleges that Dr. Sayre retaliated against him for filing an inmate appeal, but fails to allege any facts that elevate his allegation of retaliation to the level of a plausible claim.  The denial of an inmate's appeal, or the review of his medical care in response to his appeal about that medical care, do not alone imply retaliation.  There are no facts alleged suggesting that Dr. Sayre took his adverse action because of the prisoner's protected conduct rather than for medical reasons, or that the action chilled Mr. Villaneda's First Amendment rights, or that the action did not

reasonably advance a legitimate correctional goal.  Leave to amend is granted so that Mr. Villaneda may attempt to allege a plausible retaliation claim.

## IV.   CONCLUSION

The amended complaint fails to state a § 1983 claim upon which relief may be granted. Leave to amend is granted so that Mr. Villaneda may attempt to allege a violation of his constitutional rights.  The amended complaint must be filed no later than **March 28, 2014**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page.  Mr. Villaneda is cautioned that his amended complaint must be a complete statement of his claims.  *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.")  Failure to file the amended complaint by the deadline will result in the dismissal of the action.

IT IS SO ORDERED.


Dated:  February 21, 2014

EDWARD M. CHEN
United States District Judge